IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 


WR-79,629-01, WR-79,629-02, WR-79,629-03,

WR-79,629-04, AND WR-79,629-05





EX PARTE MARSHALL RAY ARMSTRONG, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. W00-29391-U(A), W00-29394-U(A), W00-29410-U(A),

W00-29413-U(A), AND W99-29711-U(A)

IN THE 291ST DISTRICT COURT FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two offenses
of aggravated sexual assault of a child, one offense of sexual assault of a child, and two offenses of
indecency with a child by contact. He was sentenced to life in prison for both aggravated sexual
assaults, life in prison for sexual assault, and twenty years in prison for both indecencies by contact.
According to the writ records, stacking orders were entered for two of the judgments.

 Applicant contends that the separate indictments for each offense were wrongly joined into
a single trial and that the stacking orders were not authorized by statute. He also contends that his
life sentence for the sexual assault conviction is above the maximum penalty of twenty years in
prison and constitutes an unlawful sentence.

 Regarding the unlawful sentence claim for the sexual assault conviction, Applicant has
alleged facts that, if true, might entitle him to relief. It does not appear from the record provided to
this Court that the indictment contained an enhancement paragraph, and the judgment, which does
not indicate a plea or finding for an enhancement, states the offense is a second-degree felony, which
has a punishment range of two to twenty years, but the judge assessed a life sentence. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall resolve the disputed facts regarding the enhancement of punishment for
Applicant's sexual assault conviction and shall provide this Court with further information regarding
the merits of his unlawful sentence claim for this conviction. To do so, the trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding whether the life
sentence assessed for the sexual assault conviction is an unlawful sentence. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's other claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: June 12, 2013

Do not publish